IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES HARDWICK, )
)
    Plaintiff, )
)
v. ) Civ. No. 15-326-SLR
)
PERRY PHELPS, et al., )
)
    Defendants. )

**MEMORANDUM**

1. **Background.** Plaintiff, an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. He proceeds pro se and has paid the filing fee. An amended complaint was filed on March 2, 2015.

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal

2

theory supporting the claim assert. See id. at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. Plaintiff was one of several inmates who sought relief for alleged violations of religious rights. (*See* Civ. No. 12-1120-SLR) Due to plaintiff's differing religious beliefs, on April 22, 2015 the court severed the claims, opened new cases, and gave plaintiffs leave to file amended complaints in the new cases. (D.I. 1, 2) Plaintiff, who practices Judaism, filed a complaint (D.I. 3), an amended complaint (D.I. 6), and a motion for leave to file a first amended complaint (D.I. 8).[1] He also requests counsel. (D.I. 9)

7. The court turns to the amended complaint (D.I. 6) as it appears to be the operative complaint based upon plaintiff's statement, "enclosed [is] a newly written complaint against various members of D.O.C./J.T.V.C.C. personnel." (D.I. 6) Plaintiff

---

[1]The motion to amend seeks to add as a defendant Lt. Cheryl/Sheryl Morris ("Morris"). (D.I. 8) The motion will be granted. The amended complaint at D.I. 6 contains allegations directed against Morris.

3

alleges that defendants Christopher Senato ("Senato"), Frank Pennell ("Pennell"), and Morris have violated plaintiff's right to practice his religion, by failing to acknowledge that he practices Judaism, impeding his ability to attend services, failing to provide kosher food, failing to accommodate his observation of not working on the Sabbath, and denying him religious items.[2] (D.I. 6, issues 1-4; D.I. 8, ex.). Plaintiff seeks compensatory and punitive damages.

10. **Respondeat Superior.** There are four individuals listed on the Court docket who were not included by plaintiff when he filed his amended complaint: David Pierce, James Scarborough, Michael Knight, and Joseph Simmons. In addition, the amended complaint adds Perry Phelps, Jim Corroathers, R. Hostermann, Major Costello, R. Kearney, Major M, M. Delay, Lt. E. Lehman, J. Simmons, Major J. Brennan, Wendal Lundy, Lt. Savage, and C. Danberg. There are no allegations directed towards the newly added defendants.

11. The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and that, in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (unpublished) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Personal involvement is an essential element of a civil rights action. *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003). Individual liability can only be imposed if the state actor played an "affirmative part" in the conduct

---

[2]The original complaint in Civ. No. 12-1120-SLR named numerous defendants.

4

complained of. *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence" in the challenged practice. *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011) (quoting *Rode*, 845 F.2d at 1207). "In a § 1983 suit . . . masters do not answer for the torts of their servants." *Iqbal*, 556 U.S. at 676-77. The mere assertion "that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did" is insufficient to establish liability. *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d cir. 1989).

12. Given that there are no allegations directed against them, the court will dismiss defendants David Pierce, James Scarborough, Michael Knight, Joseph Simmons, Perry Phelps, Jim Corroathers, R. Hostermann, Major Costello, R. Kearney, Major M, M. Delay, Lt. E. Lehman, J. Simmons, Major J. Brennan, Wendal Lundy, Lt. Savage, and C. Danberg pursuant to 28 U.S.C. § 1915A(b)(1).

13. **Request for counsel.** Plaintiff seeks counsel on the grounds that he is unable to afford counsel, the issues are complex, and his rights have been violated. (*See* D.I. 20)

14. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[3] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However,

---

[3]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.".

5

representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

15. Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. At present, plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that representation by an attorney is warranted at this time. The court can address the issue at a later date should counsel become necessary. Therefore, the court will deny the request without prejudice to renew.

16. **Conclusion**. For the above reasons, the court will deny without prejudice to renew plaintiff's request for counsel. (D.I. 9) The court will grant plaintiff's motion to amend and Lt. Cheryl/Sheryl Morris will be added as a defendant. The court will dismiss the claims against David Pierce, James Scarborough, Michael Knight, Joseph Simmons, Perry Phelps, Jim Corroathers, R. Hostermann, Major Costello, R. Kearney,

6

Major M, M. Delay, Lt. E. Lehman, J. Simmons, Major J. Brennan, Wendal Lundy, Lt. Savage, and C. Danberg as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Finally, plaintiff will be allowed to proceed against Christopher Senato, Frank Pennell, and Lt. Cheryl/Sheryl Morris. A separate order shall issue.

Dated: August 6, 2015

UNITED STATES DISTRICT JUDGE