# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HARDWICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 15-326-SLR |
| | ) |
| PERRY PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

1. **Introduction.** Plaintiff, an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. He proceeds pro se and has paid the filing fee. This case was severed from Civ. No. 12-1120-SLR on April 22, 2015. The case proceeds on the amended complaint (D.I. 6) and its amendment (D.I. 12) (together "amended complaint"). Pending are several motions filed by the parties. (D.I. 13, 15, 17, 19)

2. **Background.** Plaintiff was one of several plaintiffs named in Civ. No. 12-1120-SLR, a case that raised religious discrimination claims based upon Muslim, Catholic, and Jewish faiths. Plaintiff, who is Jewish, moved to join Civ. No. 12-1120-SLR (*see* Civ. No. 12-1120-SLR at D.I. 104), and the court granted the motion on September 14, 2014 (*see id.* at D.I. 141). On February 27, 2015, defendants, who acknowledged that the court had granted plaintiff's motion to intervene, filed a motion to strike plaintiff's claims or, in the alternative, to sever plaintiff's claims into a new civil

action. (See id. at D.I. 188) The court granted defendants' motion to sever, and this new civil action was opened. (See D.I. 1, 2)

3. **Dismissal of Defendants.** On August 7, 2015, the court screened the amended complaint pursuant 28 U.S.C. § 1915A(a)[1] and, in its memorandum (D.I. 10), indicated that it would dismiss the claims against David Pierce, James Scarborough, Michael Knight, Joseph Simmons, Perry Phelps, Jim Corroathers, R. Hostermann, Major Costello, R. Kearney, Major M, M. Delay, Lt. E. Lehman, J. Simmons, Major J. Brennan, Wendal Lundy, Lt. Savage, and C. Danberg as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Due to an oversight, the dismissal of these defendants was not included in the court's order of the same date. (See D.I. 11) The court will dismiss the foregoing defendants for the reasons outlined in its August 7, 2015 memorandum. (See D.I. 10)

4. The screening order allowed plaintiff to proceed against defendants Christopher Senato ("Senato"), Frank Pennell ("Pennell") and Lt. Cheryl/Sheryl Morris ("Morris"). The order noted that both Senato and Pennell had been served with process prior to severance of this case from Civ. No. 12-1120-SLR, and it provided for service of Morris. (See D.I. 11)

5. **Motion to Impose Filing Fee.** On August 28, 2015, defendants filed a motion to require plaintiff to pay a filing fee pursuant to the PLRA. (D.I. 13) The court

---

[1]The filing fee was prepaid. Notwithstanding payment of the filing fee, the Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), obligates the court to engage in a screening process. See Stringer v. Bureau of Prisons, Federal Agency, 145 F. App'x 751, 752 (3d Cir. 2005) (unpublished) (Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments).

2

will deny the motion. To support their position, defendants argue that the filing fee in Civ. No. 12-1120-SLR was paid by an inmate who withdrew from the case, the court never granted plaintiff's motion to intervene in Civ. No. 12-1120-SLR, and no service order has ever issued in this case. The court is perplexed by defendants' current position given the background of this case and, most notably, that severance occurred upon the grant of defendants' motion to sever, a motion that acknowledged the court had granted plaintiff's motion to intervene in Civ. No. 12-1120-SLR.

6. Defendants rely upon *Hagan v. Rogers*, 570 F.3d 146 (3d Cir. 2009), in arguing that plaintiff has not paid the filing fee, applied for in forma pauperis status, or been placed on a payment plan pursuant to the PLRA. *Hagan* is applicable in cases where multiple prisoners seek to join as plaintiffs and do not prepay the filing fee. When this occurs, each plaintiff must submit a complete application to proceed in forma pauperis if he or she desires the complaint to be filed on his or her behalf. *See Hagan*, 570 F.3d at 154-55. Under those circumstances, if the court permits more than one prisoner to join as a plaintiff under Rule 20 and the in forma pauperis application is granted, the court is required to collect the full filing fee from each prisoner-plaintiff in subsequent partial payments. *See Hagan*, 570 F.3d at 155-56; 28 U.S.C. § 1915(b)(1). The distinction between *Hagan* and severed case Civ. No. 12-1120-SLR is that, while Civ. No. 12-1120-SLR was initiated by multiple plaintiffs, there was full prepayment of the filing fee. *Hagan* does not stand for the proposition that one civil rights case can never be brought by multiple prisoners who pay the filing fee. Were this the case,

3

prisoners in a multi-plaintiff case represented by counsel would be required to prepay an individual filing fee for each plaintiff in the represented case.

7. In ruling upon, and granting, defendants' motion to sever, the court noted that the filing fee had been paid, directed this case be opened, and did not impose a second filing fee requirement upon plaintiff. *See e.g., Ghashiyah v. Raemisch*, 2009 WL 775102 (E.D. Wisc. 2009) (in severed action where new case opened, no additional filing fee required in the new case). Because the filing fee was prepaid, plaintiff does not proceed under the filing fee requirements of the PLRA.[2]

8. **Motion for Summary Judgment.** Plaintiff has filed a motion for summary judgment. (D.I. 15) The court will deny the motion as premature. To date, the Delaware Department of Correction and the Delaware Department of Justice have not indicated if Morris will waive service of summons or if service should be effected in the traditional manner. (*See* D.I. 11) In addition, defendants recently filed a motion to dismiss. (D.I. 19)

9. **Request for Counsel.** Plaintiff filed a combined renewed request for counsel and motion for reconsideration. (D.I. 17) The court will deny the request for counsel without prejudice to renew. The court denied plaintiff's first request for counsel on August 7, 2015. Nothing has changed since that time. The court will address the issue at a later date should counsel become necessary.

---

[2] The court is aware that § 1915(b)(1) requires that indigent prisoners filing civil actions pay the full amount of a filing fee. *See Siluk v. Merwin*, 783 F.3d 421, 425 (3d Cir. 2015). Without belaboring the point, plaintiff did not seek a finding of indigence, and the filing fee in the severed case was not assessed under the requisites of § 1915(b)(1).

4

10. **Motion for Reconsideration.** Plaintiff moves for reconsideration and asks the court to "reconsider its judgments with regards to removing the various administrator's." (D.I. 17) The court will deny the motion. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

11. Plaintiff provides no basis for reconsideration. Nor has he demonstrated any of the aforementioned grounds to warrant a reconsideration of any of the orders entered by the court in this case.

12. **Motion to Dismiss.** Defendants move to dismiss for failure to serve within the time limits set for Fed. R. Civ. P. 4(m). (D.I. 19) The motion will be denied. As grounds for dismissal, defendants reiterate and, again err, when they state that: (1) plaintiff's motion to join suit "does not ever appear to have been granted" (*see* Civ. No. 12-1120-SLR at D.I. 141 ); (2) a service order never issued for Morris (*see* D.I. 11); and (3) plaintiff failed to pay the filing fee under the PLRA (*see* discussion, *supra*). (D.I. 19, ¶¶ 2, 5, 6) Defendants posit that, because plaintiff's motion to join was never granted and he has not served defendants in this action, service has not been effected upon Senato and Pennell.

5

13. As discussed, the court granted plaintiff's motion to join in Civ. No. 12-1120-SLR. Plaintiff filed an amended complaint, followed by another amended complaint, both of which appear to have served upon defendants' attorney of record. (Civ. No. 12-1120-SLR at D.I. 158, 138) In turn, defendants moved to strike the amended pleading at docket item 168 or to sever it into a new civil action. Both Senato and Pennell were properly served in 12-1120-SLR when the case was initiated, and their counsel was aware of plaintiff's joinder and his amended filings as evidenced by the motion to sever. (*Id.* at D.I. 74, 76, 188) Defendants cannot seek to sever a case with proper service, then at a later time, "pull failure of service out of the hat like a rabbit" to seek dismissal. See *Hamilton v. Leavy*, 2001 WL 848603, at *12 (D. Del. 2001).

14. **Conclusion**. For the above reasons, the court will: (1) will dismiss defendants David Pierce, James Scarborough, Michael Knight, Joseph Simmons, Perry Phelps, Jim Corroathers, R. Hostermann, Major Costello, R. Kearney, Major M, M. Delay, Lt. E. Lehman, J. Simmons, Major J. Brennan, Wendal Lundy, Lt. Savage, and C. Danberg and the claims against them as frivolous pursuant to 28 U.S.C. § 1915A(b)(1); (2) deny defendants' motion to impose filing fees pursuant to the PLRA (D.I. 13); (3) deny as premature plaintiff's motion for summary judgment (D.I. 15); (4) deny without prejudice to renew plaintiff's request for counsel (D.I. 17); (5) deny plaintiff's motion for reconsideration (D.I. 17); and (6) deny defendants' motion to dismiss for lack of jurisdiction (D.I. 19). A separate order shall issue.

Dated: October __8__, 2015

UNITED STATES DISTRICT JUDGE