IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HARDWICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 15-326-SLR |
| | ) |
| CHRISTOPHER SENATO, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

At Wilmington this 4th day of August, 2016, having considered plaintiff's motion for reconsideration (D.I. 41);

1. Plaintiff, an inmate at the James T. Vaughn Correctional Center, moves for reconsideration and requests reevaluation of his prior request for issuance of a writ of mandamus to compel the return of his legal work and religious items currently withheld from him. It is not clear if plaintiff seeks reconsideration of the May 24, 2016 order for defendants to respond to plaintiff's discovery (D.I. 34), the July 22, 2016 order staying discovery (D.I. 39), or reconsideration of a ruling by the United States Court of Appeals for the Third Circuit that denied plaintiff's petition for a writ of mandamus in *In re Hardwick*, No. 16-2467 (3d Cir. July 22, 2016).

2. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or

to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

3. The court finds that he has failed to demonstrate grounds for reconsideration and, therefore, his motion will be denied. Notably, the court granted plaintiff's "mandamus compelling D.O.C.'s employees to produce documents requested motion to compel discovery," construed as a motion to compel on March 24, 2016. In addition, discovery has been stayed given that plaintiff has been given leave to file a third amended complaint and there is no operative complaint in this action. Finally, the court does not have the authority to reconsider a ruling by the appellate court to the extent that is plaintiff's request. Therefore, the motion will be denied.

4. **Conclusion**. For the above reasons, the court will deny the motion for reconsideration. (D.I. 41) A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE