IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HARDWICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 15-326-SLR |
| | ) |
| CHRISTOPHER SENATO, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff, an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). He proceeds pro se and has paid the filing fee. This case was severed from Civ. No. 12-1120-SLR on April 22, 2015.

2. **Background.** Plaintiff, who is Jewish, alleges that after his arrival at the VCC in 2008 and, in the years that followed, defendants denied him equal protection and free exercise of religion in violation of the First, Eighth, and Fourteenth Amendments, and the RLUIPA. On June 28, 2016, the court granted the motion to dismissal of remaining defendants Sheryl Morris ("Morris"), Christopher Senato ("Senato"), and Frank Pennell ("Pennell") as to claims for monetary damages under the RLUIPA and the claims against Pennell as time-barred, leaving two defendants remaining, Morris and Senato. (*See* D.I. 36) In the order, plaintiff was given leave to file an amended complaint that complied with the requirements as set forth in the accompanying memorandum. (D.I. 35) Specifically, plaintiff was ordered to file a single

unified third amended complaint limited to the time-frame of the original complaint, alleging specific actions taken by each defendant, the date(s) of such actions, the bases for plaintiff's claim(s) against each defendant, and the relief sought. (*Id.*) Plaintiff was warned that failure to comply with the foregoing requirements could result in striking the amended complaint or dismissal of the case. (*Id.*)

3. **Third Amended Complaint.** Plaintiff filed a third amended complaint that does not comply with the court's June 28, 2016 order. (*See* D.I. 45) Specifically, the amended complaint contains 17 defendants, as opposed to the remaining two defendants. Most of the defendants were previously dismissed as the claims against them were frivolous (*see* D.I. 21), and at least one party is a newly added defendant. In addition, the third amended complaint includes the claim against Pennell that was dismissed by the court on June 28, 2016. Finally, in derogation of the June 28, 2016 order, the amended complaint includes allegations not limited to the time-frame of the original complaint. Therefore, the court will strike the third amended complaint.

4. **Request for Counsel.** Plaintiff renews his request for counsel. (D.I. 47) The filing fee has been paid in this case and plaintiff has not sought leave to proceed in forma pauperis. He states that he is unable to afford counsel, but there is no documentation before the court to support his statement. As such, the court is without authority to consider his request for counsel. *See* 28 U.S.C. § 1915(e)(1) (court may request an attorney to represent any person unable to afford counsel). The court will deny the request for counsel without prejudice to renew should plaintiff be granted leave to proceed in forma pauperis.

2

5. **Conclusion**. For the above reasons, the court will: (1) strike the third amended complaint; (2) give plaintiff one final opportunity to file a third amended complaint; and (3) deny without prejudice to renew plaintiff's request for counsel (D.I. 47). A separate order shall issue.

Dated: November 1, 2016

UNITED STATES DISTRICT JUDGE