IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HARDWICK,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER SENATO, SHERYL MORRIS, GUS C. CHRISTO, RONALD G. HOSTERMAN, TODD DRACE, and JAMES SIMMS,<br><br>Defendants. | Civil Action No. 1:15-cv-00326-RGA |

### MEMORANDUM

Presently before me is Defendant Morris's Motion for Judgment on the Pleadings. (D.I. 83). The Parties have fully briefed the issues. (D.I. 83, 86, 89). For the reasons set out below, I will **GRANT** Defendant Sheryl Morris's motion.

A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss when the Rule 12(c) motion alleges that the plaintiff fails to state a claim upon which relief can be granted. *See Turbe v. Gov't of the V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). The court must accept the factual allegations in the complaint and take them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). "When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

On May 12, 2014, Plaintiff, a Jewish inmate, joined an ongoing religious discrimination suit originally brought by a group of Catholic and Muslim inmates. (C.A. 12-1120, D.I. 104; *see*

*also* C.A. 12-1120, D.I. 1 (original complaint filed September 12, 2012)). The Court severed Plaintiff's claims from the original suit on April 22, 2015. (D.I. 1).

Plaintiff first mentioned Sheryl Morris in an Amended Complaint filed on September 29, 2014. (C.A. 12-1120, D.I. 147-1 at 6). Plaintiff consistently included mention of Ms. Morris in filings from that point. (*See* D.I. 3 at 9 (Complaint filed April 22, 2015); D.I. 6 at 12 (Amended Complaint filed May 29, 2015)).[1] Plaintiff named Ms. Morris as a defendant for the first time in the Amended Complaint filed on August 7, 2015. (D.I. 12). On June 26, 2017, Plaintiff filed a Third Amended Complaint, which states that his claim against Defendant Morris stems from events occurring in 2009 or 2010. (D.I. 65 at ¶ 39). Specifically, Plaintiff alleges, "Morris violated his constitutional rights when she refused to hire Plaintiff for employment due to his sincerely held religious belief that he is to refrain from working Friday evening at sundown to Saturday evening at sundown in observance of the Sabbath." (D.I. 86 at 1).

Plaintiff's claims against Defendant Morris are time-barred. The claims arise under 42 U.S.C. § 1983 ("Section 1983") and the Religious Land Use and Institutionalized Persons Act (42 U.S.C. §§ 2000cc *et seq.*) ("RLUIPA"). The statute of limitations for claims arising under Section 1983 is two years. *Dickens v. Taylor*, 671 F. Supp. 2d 542, 547 (D. Del. 2009). "The two-year statute of limitations begins to run when the plaintiff should have known about the injury in question." *Id.* The statute of limitations for claims arising under RLUIPA is four years. *Robinson v. Superintendent Houtzdale SCI*, 693 F. App'x 111, 116 (3d Cir. 2017) (citing 28 U.S.C. § 1658). Based on Plaintiff's representations, the statute of limitations for the alleged misconduct would have expired, at the latest, on December 31, 2014. Plaintiff's August 7, 2015

---

[1] The Amended Complaint of May 29, 2015 named fourteen defendants. (D.I. 6 at 4-6). Ms. Morris was not one of the fourteen. Defendant sought to add Ms. Morris as a defendant by a motion filed July 2, 2015. (D.I. 8). The motion was granted on August 7, 2015. (D.I. 11).

addition of Ms. Morris as a defendant in this suit was too late.[2] Thus, Plaintiff's claims are time-barred and I will grant Defendant Morris's motion for judgment on the pleadings.

---

[2] Plaintiff argues that the relevant date for determining whether the claims were timely is September 12, 2012—the date of the original complaint. It is not. Plaintiff's claims against Defendant Morris do not "relate back" to earlier complaints. Federal Rule of Civil Procedure 15(c)(1) provides:

> "An amendment to a pleading relates back to the date of the original pleading when:
> . . .
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>> C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Defendant Morris was not a named party in this action until August 7, 2015. Thus, the amendment needed to meet the requirement of Rule 15(c)(1)(C). The prior complaints did not suggest that she would be named as a defendant and there is nothing to indicate that she was aware of claims against other defendants. Moreover, there is no indication that Plaintiff was mistaken as to Defendant Morris's identity. Indeed, Plaintiff had identified her in multiple documents as far back as September 29, 2014. Thus, Plaintiff cannot meet the requirements of Rule 15(c)(1)(C). *See Crostley v. Lamar Cty.*, 717 F.3d 410, 421 (5th Cir. 2013).

3